UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ADANE KEBEDE,

              Petitioner,

v.

JOSEPH E. FREDEN, in his official capacity as
ICE Deputy Field Office Director,

              Respondent.
_____

Case No: 24-6713

**VERIFIED PEITITON FOR A WRIT OF HABEAS CORPUS**

## **INTRODUCTION**

1. This is a petition for a writ of habeas corpus filed on behalf of Petitioner, Adane Kebede ("Petitioner" or "Mr. Kebede"), seeking relief for his prolonged detention.

2. Respondent, Joseph E. Freden, is detaining Mr. Kebede under 8 U.S.C. § 1226(c) ("§ 1226(c)") which requires mandatory detention of certain non-citizens.

3. As Mr. Kebede is detained under 8 U.S.C. § 1226(c), he has not had a bond hearing to determine if he is a threat to persons or property or if he is a flight risk.

4. Mr. Kebede has been detained for close to 18 months under § 1226(c) without a bond hearing. This prolonged detention violates his procedural due process rights under the Fifth Amendment of the U.S. Constitution.

5. For these reasons, Mr. Kebede requests that this Court issue an order finding that that Mr. Kebede's procedural due process rights have been violated and order the Respondent to present Mr. Kebede before an Immigration Judge ("IJ") for a bond hearing.

## CUSTODY

6. At the time of the filing of this petition, Mr. Kebede is physically detained at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York a facility operated by Immigration and Customs Enforcement ("ICE"), an agency within the U.S. Department of Homeland Security ("DHS"). Mr. Kebede is in the physical custody of Respondent Joseph E. Freden, the Deputy Field Office Director for ICE who is in charge of the BFDF. Mr. Freden and his agents have direct control of Mr. Kebede.

## JURISDICTION

7. This action arises under the United States Constitution and the ("INA"), 8 U.S.C. § 1101 et. seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570. This Court has jurisdiction under 28 U.S.C. § 2241, art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8. Venue lies in the United States District Court for the Western District of New York, the judicial district in which Respondent Joseph Freden resides, where Petitioner is detained, and where a substantial part of the events or omissions giving rise to this claim occurred. 28 U.S.C. § 1391(e).

## PARTIES

9. Mr. Kebede is a national and citizen of Ethiopia and is currently detained by the Respondent at the BFDF in Batavia, New York.

10. Upon information and belief, Respondent, Joseph E. Freden is the ICE Deputy Feld Office Director and in charge of the BFDF in Batavia, New York. He is Mr. Kebede's immediate custodian, and, upon information and belief, resides in the Western District of New York.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

11. Mr. Kebede has exhausted his administrative remedies as required by law and his only remedy is by way of this judicial action.

## STATEMENT OF FACTS

12. In relevant part, Mr. Kebede is a citizen and national of Ethiopia. Mr. Kebede originally came to the United States as a student in or about June 27, 1972, and overstayed his visa.

13. On or about May 1, 2009, the Superior Court of the District of Columbia sentenced Mr. Kebede to 240 months in prison for Murder in the Second Degree while armed and in possession of a firearm during a crime of violence in Washington, D.C. On or about January 24, 2023, the court resentenced Mr. Kebede to 20 years of incarceration for the murder conviction and 60 months or 5 years for the firearm conviction. As part of the re-sentence, the court suspended all prison time but for time served plus seven days.

14. Once he was released from prison in or about January 2023, DHS took custody of Mr. Kebede.

15. DHS issued a Notice to Appear on or about January 30, 2023.

16. In immigration court, Mr. Kebede applied for protection under the Convention Against Torture ("CAT"). One of the bases of his application is that due to minimal mental health resources in Ethiopia, he will not get the treatment or medications he needs if deported. As a consequence of not receiving medication or treatment, he would likely be incarcerated. Once

incarcerated, he will still lack the necessary treatment or medication that he needs. He will then do and say things that will more likely than not result in either the prison guards or the other inmates with the acquiescence of the prison guards to assault Mr. Kebede. He provided evidence to support this claim including an expert report and expert testimony.

17. On or about September 26, 2023, the IJ ordered Mr. Kebede removed. On or about February 22, 2024, the Board of Immigration Appeals (the "Board") dismissed Mr. Kebede's removal finalizing the order of removal.

18. On or about February 22, 2024, Mr. Kebede filed a Petition for Review ("PFR") with the United States Court of Appeals for the Second Circuit ("Court of Appeals"), Case No.: 24-441.

19. On or about February 29, 2024, Mr. Kebede filed a Motion for Stay of Removal with the Court of Appeals.

20. On or about May 3, 2024, a three-judge panel at the Court of Appeals granted Mr. Kebede's motion for stay.

21. As of the date of this petition, the Court of Appeals has not entered a final judgment in Mr. Kebede's case.

## ARGUMENT

**I. ICE HAS DETAINED MR. KEBEDE FOR 18 MONTHS UNDER 8 U.S.C. § 1226(c).**

22. First, Mr. Kebede is detained under § 1226(c). Normally, a non-citizen goes from detention under § 1226(c) to detention under 8 U.S.C. § 1231 ("§ 1231") once the Board issues a final administrative decision. § 1231(a)(1)(B)(i). But if a PFR is filed, at minimum, the noncitizen reverts back to custody under § 1226(c) if a reviewing judicial body enters a stay of removal. 8 U.S.C. §1231(a)(1)(B)(ii). The basis for custody of the noncitizen only reverts back to 8 U.S.C. §

4

1231 once the court issues a final judgment in the case. 8 U.S.C. §1231(a)(1)(B)(ii); *Brathwaite v. Barr*, 475 F. Supp. 3d 179, 188-89 (W.D.N.Y. 2020).

25. Here, Mr. Kebede entered DHS custody in and or about January 2023. The Board issued is final decision on or about February 22, 2024. On May 3, 2024, a three-judge panel of the Court of Appeals entered a stay of removal. The Court of Appeals has not issued a final decision as of the date of this petition. Therefore, as of December 2024, at minimum, Mr. Kebede has been in detention for approximately 18 months under § 1226(c).

## II. MR. KEBEDE'S PROLONGUED DETENTION WITHOUT A BOND HEARING VIOLATES HIS PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.

26. Second, Mr. Kebede has been denied procedural due process because he has not had a detention hearing in 18 months. When considering the constitutionality of those detained under 8 U.S.C. § 1226(c) claiming prolonged detention, the Court of Appeals has held that the "Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing." *Black v. Dir. Thomas Decker*, 103 F.4th 133, 145 (2d Cir. 2024). In *Black*, the Court of Appeals applied the due process framework outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at 149-151. The framework consists of three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 151 quoting *Mathews*, 424 U.S. at 335.

27. Under the first factor, the Court looks at the private interest that will be affected by the official action. Here, the private interest affected is Mr. Kebede's freedom. He has served his

5

criminal sentence. He has now been civilly detained by DHS for 18 months under § 1226(c) and detained in total for nearly 24 months. He has not had a bond hearing this entire time because he has had "no administrative mechanism by which [he] could have challenged [his] detention on the ground that it reached an unreasonable length." *Black*, 103 F.4th at 151. In addition, 18 months is considerably longer than the month and a half that 85 percent of those detained under § 1226(c) usually spend in detention. *See id.* For these reasons, the first *Mathews* factor heavily favors Mr. Kebede.

28.     Under the second factor, the Court looks at the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards. Here, "the almost nonexistent procedural protections in place for section 1226(c) detainees markedly increased the risk of an erroneous deprivation of [Mr. Kebede's] private liberty interests." *Id.* at 152. The *Black* Court made two general observations with respect to this second factor. First, "the procedures used for section 1226(c) . . . include no mechanism for a detainee's release, nor for individualized review of the need for detention." *Id.* Second, the "broad reach means that many noncitizens are detained . . . who may have meritorious defenses to deportation at such time as they are able to present them." *Id.* (internal citations and quotations omitted). Here, Mr. Kebede has no mechanism to challenge his detention. While he has a murder conviction, this was over 20 years ago. He has served his sentence. Furthermore, he has demonstrated a likelihood of success on the merits of his appeal. To receive a stay of removal, he had to show a likelihood of success on the merits of his appeal and show irreparable harm if removed. *Nken v. Holder*, 556 U.S. 418, 438 (2009). The Court issued the stay. For these reasons, the second *Mathews* factor heavily favors Mr. Kebede.

29. Under the third factor, the Court looks at the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. The *Black* Court noted two legitimate and well-established primary interests in support of unlimited mandatory detention: "(1) ensuring the noncitizen's appearance at proceedings, and (2) protecting the community from noncitizens who have been involved in crimes that Congress has determined differentiate them from others." Black, 103 F.4th at 153. But, as the *Black* Court also noted, "the additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests." *Id*. Any concerns about flights and/or danger would be addressed by an immigration judge on an individualized basis. *Id*. at 153-54. Furthermore, "while the government's legitimate interests justify a relatively short-term deprivation of liberty, the balance of interests shifts as the noncitizen's detention is prolonged without any particularized assessment of need." *Id*. at 154. For these reasons, the third *Mathews* factor is at worst neutral as a bond hearing will not prejudice the Government.

30. In addition to the *Mathews* factors outlined in *Black*, Mr. Kebede deserves a bond hearing based on the traditional due process factors recognized in the Second Circuit and Western District of New York for those detained under § 1226(c). Those non-exclusive factors are: (1) the length of time the petitioner has been detained; (2) the party responsible for the delay; (3) whether the petitioner has asserted defenses to removal; (4) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (5) whether the detention facility is meaningfully different from a penal institution for criminal detention; (6) the nature of the crimes committed by the petitioner; and (7) whether the petitioner's detention is near conclusion. *Vazques v. Garland*, 2022 U.S. Dist. LEXIS 118893, at *5-6 (W.D.N.Y. July 6, 2022)

7

31. The first factor is considered the most important. *Id.* at *6. Courts in the Second Circuit "have generally been skeptical of prolonged detention of removable immigrants, without process, lasting over six months." *Id* (internal citations omitted). In additional courts have found detention shorter than a year to be unreasonably prolonged as part of procedural due process analysis." *Id* (internal citations omitted). Here, Mr. Kebede has been detained for 18 months without a bond hearing. Therefore, this factor heavily favors Mr. Kebede.

32. The second factor concerns responsibility for any delay. Mr. Kebede has not engaged in any bad faith delays. Mr. Kebede has decided to continue litigating his claim in a PFR after the IJ and the Board denied relief. But Mr. Kebede is entitled to appeal these decisions and, therefore, should not be penalized for this. *See id.* at *7. In addition, the Court of Appeals issued a stay in his case. One of the elements Mr. Kebede had to meet to receive the stay is to show a likelihood of success on the merits. This demonstrates that Mr. Kebede's appeal is not frivolous. Therefore, this factor heavily favors Mr. Kebede.

33. The third factor deals with defenses to removal. Mr. Kebede has asserted defenses to his removal. Specifically, he asserts that he will face torture if removed to Ethiopia due to his mental health issues. Again, one of the elements Mr. Kebede had to meet to receive the stay is to show a likelihood of success on the merits. This demonstrates that Mr. Kebede's appeal is not frivolous. Therefore, this factor favors Mr. Kebede.

34. The fourth factor compares the amount of time Mr. Kebede was incarcerated due to his criminal activity with his time in ICE custody. Mr. Kebede was in prison for approximately 20 years. This is compared to the 18 months DHS has detained him pursuant to § 1226(c). While the two time periods are not equivalent, DHS's detention of Mr. Kebede is for immigration purposes only and not for punishment for his crime. This factor generally favors the Respondent.

35. The fifth factor looks at whether the detention facility is meaningfully different from a penal institution for criminal detention. As courts in this district have noted, the BFDF is "ultimately a detention facility that severely curtails the liberties of the individuals detained" there. *Id.* at *9. This factor favors Mr. Kebede.

36. The sixth factor looks at the nature of the crime(s) Mr. Kebede was convicted of. Mr. Kebede was convicted of murder. This factor favors the Respondent. But a bond hearing will in no way prejudice the Government.

37. The final factor looks at whether Mr. Kebede's detention is near conclusion. Mr. Kebede's PFR is still pending with the Court of Appeals, and it is unclear when the Court of Appeals will issue a decision. Therefore, this factor favors Mr. Kebede.

38. A majority of the factors, including the first factor which is the most important, favor Mr. Kebede.

39. For these reasons, Mr. Kebede respectfully requests that the Court rule that Mr. Kebede's procedural due process rights under the Fifth Amendment of the U.S. Constitution have been violated due to prolonged detention without a bond hearing.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE PROCEDURAL DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION

40. Petitioner alleges and incorporates by reference paragraphs 1-41 above.

41. Petitioner's prolonged detention without a bond hearing violates his right to procedural due process rights guaranteed by the Fifth Amendment to the U.S. Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Issue an order directing Respondent to show cause why the writ should not be granted;

3. Issue an order holding that Respondent has violated Petitioner's procedural due process rights under the Fifth Amendment by prolonging his detention without a bond hearing;

4. Issue an order requiring the following:

    a. Respondent must present Mr. Kebede before an IJ for a bond hearing within 14 days of this Court's order.

    b. The Government must show by clear and convincing evidence that Petitioner is a flight risk and/or a danger to persons or property;

    c. If the IJ finds that Petitioner is a flight risk and/or a danger to persons or property, the IJ must consider whether bond or alternatives to detention could mitigate that risk, and, if setting bond, Petitioner's ability to pay that bond.

    d. If the IJ finds that no amount of bond or alternatives to detention could mitigate that risk, the IJ must specifically make a finding to that effect.

5. Award Petitioner costs and attorney' fees under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412.; and

6. Grant any other relief which this Court deems just and proper.

DATED:   December 10, 2024
         Batavia, New York

Respectfully submitted,

    *s/ Aaron J. Aisen*
Aaron J. Aisen
*Attorney for Petitioner*
ECBA Volunteer Lawyers Project, Inc.
45 Ellicott Street, Suite 1
Batavia, New York 14020
Phone: (585) 524-1778
Fax: (585) 524-4552

10

**28 U.S.C. § 2242 VERIFICATION STATEMENT**

I submit this verification on behalf of Petitioner because I am one of Petitioner's attorneys. I have discussed the events described in the Petition with the Petitioner. Based on those discussions, I verify that the statements made in this Verified Petition for a Writ of Habeas Corpus are true and correct to the best of my knowledge.

DATED:   December 10, 2024
         Batavia, New York

                                        *s/ Aaron J. Aisen*
                                        Aaron J. Aisen
                                        *Attorney for Petitioner*
                                        ECBA Volunteer Lawyers Project, Inc.
                                        45 Ellicott Street, Suite 1
                                        Batavia, New York 14020
                                        Phone: (585) 524-1778
                                        Fax: (585) 524-4552